**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| RASHIE KIEHEMA KEYS, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> MARTY C. ANDERSON, Warden, United ) <br> States Medical Center for Federal ) <br> Prisoners, ) <br> ) <br> Respondent. ) | Civil Action <br> No. 11-3167-CV-S-DGK-H |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which it appears that he is challenging his conviction and his commitment. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that the petition be dismissed without prejudice.

As grounds for relief in habeas corpus, petitioner alleges that he was wrongfully convicted and committed.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam).

Regardless of petitioner's contentions, he has failed to demonstrate that the remedy pursuant

to § 2255 is inadequate or ineffective. The action is improperly filed under the provisions of 28 U.S.C. § 2241. The issues he raises are cognizable, if at all, in the sentencing court. It is clear that this Court lacks jurisdiction of petitioner's claims regarding his conviction. Additionally, any issue regarding his commitment should be brought in the committing court. See <u>Archuleta v. Hedrick</u>, 365 F.3d 644, 649 (8th Cir. 2004). Accordingly, it must be recommended that the petition be dismissed without prejudice to petitioner's right to bring his claim in the proper jurisdiction.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

<u>/s/ James C. England</u>
JAMES C. ENGLAND
United States Magistrate

Date: 5/16/11